IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-cv-413-BO

| | | |
|---|---|---|
| TYLER MORRIS and ALICIA MORRIS, Plaintiffs, | ) ) ) ) ) | |
| v. | ) ) | O R D E R |
| ALL MY SONS PROPERTIES OF RALEIGH, LLC, d/b/a ALL MY SONS MOVING AND STORAGE, INC., SG OF RALEIGH, LLC, d/b/a ALL MY SONS MOVING & STORAGE OF RALEIGH, LLC, and KENON P. FURLONG, individually, Defendants. | ) ) ) ) ) ) ) ) ) | |

This matter comes before the Court on plaintiffs' motion to remand. [DE 17]. For the foregoing reasons, plaintiffs' motion is GRANTED.

BACKGROUND

The case arises from plaintiffs' experience with a residential moving and storage company, in which the company allegedly sold much of plaintiffs' personal property at a public sale without giving them proper notice of the sale—after having been unresponsive to plaintiffs' many attempts to pay the company.

Plaintiffs, who are North Carolina citizens, filed suit in the Superior Court of Wake County, North Carolina, naming three defendants: (1) All My Sons Properties of Raleigh, LLC, d/b/a All My Sons Moving and Storage, Inc., (2) SG of Raleigh, LLC, d/b/a All My Sons Moving & Storage of Raleigh, LLC, and (3) Kenon P. Furlong, the operations manager of SG of Raleigh, LLC.

Despite naming All My Sons Properties of Raleigh, LLC as a defendant in the complaint, plaintiffs' factual allegations are entirely directed against "All My Sons," which plaintiffs' define early in the complaint as a collective reference to SG of Raleigh, LLC and defendant Furlong. DE 1-3, ¶ 3. After defining All My Sons as such, the complaint alleges the following.

In March 2017, plaintiffs contacted All My Sons to provide packing, moving, and storage services of plaintiffs' personal property. *Id.* ¶ 7. Plaintiffs were moving residences but were going to live in a rental home in the interim. As such, All My Sons was to move some of plaintiffs' property into the rental home and store the remaining property in an All My Sons' storage facility. *Id.* ¶ 8.

In the Fall of 2017, plaintiff Alicia Morris called All My Sons several times to notify them that she had not yet received a bill. *Id.* ¶ 14. During the phone calls, she was placed on endless hold. *Id.* In early 2018, Ms. Morris again contacted All My Sons to let them know that she was not receiving bills and that she wished to pay the outstanding balance. *Id.* ¶ 15. In February 2018, she paid $2,000 and was told that a direct draft had been set up for future payments. *Id.* At that time, in mid-February 2018, plaintiffs had an outstanding balance of about $1,900. *Id.* ¶ 16. Ms. Morris asked if she could pay the remaining balance but was told that All My Sons needed her to have a running balance in order to set up a direct draft. *Id.*

On May 4, 2018, All My Sons sent a certified letter to plaintiffs' old home (from which All My Sons had moved the plaintiffs) which stated that plaintiffs had an outstanding debt and pursuant to a possessory lien, All My Sons planned to sell plaintiffs' property at an auction on or about June 9, 2018. *Id.* ¶ 17. The certified letter was returned to All My Sons with a sticker indicating that plaintiffs lived at a new address, the rental home. *Id.* This certified letter was

never resent to plaintiffs' rental home address. *Id.* ¶ 18. Plaintiffs received no other messages about the auction. *Id.* ¶ 20.

On October 1, 2018, Ms. Morris called All My Sons to get a quote for moving plaintiffs from their rental home to their new home. *Id.* ¶ 21. On October 19, 2018, plaintiffs contracted to move their possessions from the rental home to the new home. *Id.* ¶ 22. On October 31, 2018, Ms. Morris called to see about moving the property that was in storage to the new home. *Id.* ¶ 23. During this call, All My Sons told her that they had sold all the property at a public sale in June. *Id.* Plaintiffs allege that the value of the property sold exceeded $1 million and was sold for just over $1,000. *Id.* ¶ 24. Unable to arrange another mover, plaintiffs allowed All My Sons to complete the move. *Id.* ¶ 26.

Plaintiffs sued in North Carolina state court, bringing claims for breach of contract, conversion, unfair and deceptive trade practices, negligent infliction of emotional distress, and punitive damages. *Id.* ¶¶ 27–54. As stated above, the named defendants are (1) All My Sons Properties of Raleigh, LLC, d/b/a All My Sons Moving and Storage, Inc., (2) SG of Raleigh, LLC, d/b/a All My Sons Moving & Storage of Raleigh, LLC, and (3) Kenon P. Furlong, the operations manager of SG of Raleigh, LLC.

Defendants removed the case to this Court, invoking diversity jurisdiction. Plaintiffs responded with the instant motion to remand.

Defendants argue that this Court has subject-matter jurisdiction because the two defendants that are North Carolina citizens—All My Sons Properties of Raleigh and Furlong— are fraudulently joined defendants against whom plaintiffs cannot make out a claim. Specifically, defendants acknowledge that All My Sons Properties of Raleigh, LLC is a North Carolina citizen, but point out that it is merely the owner of the real estate where SG of Raleigh, LLC's

3

moving and storage operations are physically located. Similarly, while Furlong is also a North Carolina citizen, he is the operations manager of SG of Raleigh, LLC. Defendants argue that no possible claim can be established against these two defendants, and that the only legitimate defendant is SG of Raleigh, LLC, the moving and storage company with whom plaintiffs contracted. SG of Raleigh, LLC is a Delaware limited liability company whose sole member is also a Delaware LLC. Once stripped of the fraudulently joined non-diverse parties, defendants argue, the case is properly before this Court on diversity jurisdiction.

## DISCUSSION

Defendants invoke the fraudulent joinder doctrine in their attempt to avoid remand. "The fraudulent joinder doctrine permits removal when a non-diverse party is (or has been) a defendant in the case." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). The doctrine "permits a district court to disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction." *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015) (internal quotations omitted).

"The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Id.* "The removing party must show outright fraud in the plaintiff's pleading of jurisdictional facts or that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Id.* (internal quotations omitted). The fraudulent joinder standard heavily favors the plaintiff, "who must show only a 'glimmer of hope' of succeeding against the non-diverse defendants." *Id.*

Here, plaintiffs bring claims for (1) breach of contract, (2) conversion, (3) unfair and deceptive trade practices pursuant to N.C. Gen. Stat. § 75-1.1, (4) negligent infliction of emotional distress, and (5) punitive damages. Defendants argue there is no possibility plaintiffs can establish any of these claims against Furlong or All My Sons Properties of Raleigh, LLC.

Defendants argument prevails with respect to the plaintiffs' contract claim. Plaintiffs only signed a contract with SG of Raleigh, LLC for the provision of moving and storage services. Therefore, plaintiffs can only establish a contract claim against SG of Raleigh, LLC.

But defendants' argument that it is impossible for plaintiffs to establish a claim for conversion or unfair and deceptive trade practices against the North Carolina defendants, specifically Furlong, goes too far. The argument ignores a well-established principle of principal-agent law that an agent can be held directly liable for torts personally committed by the agent or for torts in which the agent participated. *See, e.g., Oberlin Capital, L.P. v. Slavin*, 147 N.C. App. 52, 57 (2001); *Strang v. Hollowell*, 97 N.C. App. 316, 318 (1990).

The complaint's factual allegations are directed against "All My Sons," defined as SG of Raleigh, LLC and Furlong, collectively. Therefore, the Court cannot say it is impossible for plaintiffs to establish a cause of action against Furlong.

Having failed to meet the burdensome fraudulent joinder standard, the Court declines to dismiss defendants All My Sons Properties of Raleigh, LLC and Kenon P. Furlong from the case and retain jurisdiction. Accordingly, remand is appropriate. The Court denies plaintiffs' request for attorney's fees associated with the removal.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to remand [DE 17] is GRANTED. The Clerk is DIRECTED to REMAND the case to the Superior Court of Wake County, North Carolina.

SO ORDERED, this __12__ day of January, 2020.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE